

AYANNA LEWIS-GRUSS
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10011
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**THE PICTURE PEOPLE, INC.,**

    Plaintiff,

-against-

**IMAGING FINANCIAL SERVICES, INC.
d/b/a EKCC,**

    Defendant.

---

ECF Case

**COMPLAINT**

Plaintiff The Picture People, Inc. ("TPP") alleges, upon knowledge as to itself and its own acts, and upon information and belief as to all other matters, by its undersigned attorneys, Orrick, Herrington & Sutcliffe LLP, for its complaint against Defendant, as follows:

### NATURE OF ACTION

1. This is an action for damages to redress injuries suffered by TPP, as a result of Defendant's wrongful conduct, constituting unjust enrichment, conversion and breach of contract. The parties are engaged in a business relationship whereby Defendant provided financing to TPP for the lease of necessary equipment. This action stems from Defendant's refusal to return to TPP amounts paid by TPP in excess of its obligation. To date, TPP's overpayment exceeds $1.4 Million.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon the diversity of citizenship among the parties. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(c). The parties contractually submitted to the jurisdiction and venue of this Court and the Courts of the State of New York located within the Southern District of New York.

## THE PARTIES

4. Plaintiff TPP is a California corporation with its principal place of business located at 1800 10th Street Suite 300, Plano, Texas.

5. Defendant Imaging Financial Services, Inc. d/b/a EKCC (referred to herein as "EKCC") is a Delaware corporation with its principal place of business located at 44 Old Ridgebury Road, Danbury, Connecticut.

## FACTUAL ALLEGATIONS

6. TPP operates photo studios in shopping malls located throughout the United States. In 2006, the company converted its studios from analog to digital technology. Specifically, TPP leased laser photo printers that it used to print portraits and other photographs. In order to lease the necessary printers, TPP entered into financing agreements with EKCC.

### Promissory Notes and Security Agreements

7. In October 2006, EKCC and TPP executed Promissory Note and Security Agreement P4352071001 ("2006 Promissory Note"), pursuant to which, EKCC provided TPP with $3,600,000 to finance the lease of laser photo printers. TPP agreed to repay the $3.6 Million principal with interest on the unpaid principal balance at a rate of 10% per annum. The

2006 Promissory Note required TPP to repay its obligation in consecutive quarterly installments, with the first payment to occur in June 2007.

8. TPP Arranged to finance the lease of additional laser photo printers in August 2007. Pursuant to Promissory Note and Security Agreement P4486803001 ("2007 Promissory Note"), EKCC provided TPP with financing in the amount of $385,000. TPP agreed to repay the principal with interest on the unpaid principal balance at a rate of 10.75% per annum. The 2007 Promissory Note required TPP to repay its obligation in consecutive quarterly installments.

9. Both the 2006 and 2007 Promissory Notes preclude partial prepayment. The following language is included in both Notes:

> The Debtor may prepay in full, but not in part, its entire indebtedness hereunder upon payment of an additional sum as a premium equal to the following percentages of the original principal balance: three percent (3%) prior to the first annual anniversary date of this note and Security Agreement; two percent (2%) prior to the second annual anniversary date of this Note and Security Agreement; and zero percent (0%) thereafter, plus all other sums due hereunder.

10. Both the 2006 and 2007 Promissory Notes allow for overpayments to be refunded to TPP. In pertinent part, both agreements state:

> It is the intention of Debtor and Payee to comply with applicable usury laws. Accordingly, it is agreed that in no event shall this Note and Security Agreement require the payment or permit the collection of interest in excess of the maximum amount permitted by applicable law. If any such excess interest in contracted for, charged or received under this Note and Security Agreement, or if the principal balance shall be prepaid in such a manner that the amount of interest contracted for, charged or received under this Note and Security Agreement exceeds the maximum amount permitted by applicable law, then . . . (c) any excess interest which may have been collected shall, at Payee's option, either be applied as a credit against the unpaid balance of this Note and Security Agreement, or refunded to Debtor, and (d) the effective rate of interest shall be automatically reduced to the maximum lawful contract rate permitted under applicable law as construed by the courts having jurisdiction thereof.

**Partnering for Growth**

11. The 2006 and 2007 Promissory Notes are guaranteed by Eastman Kodak Company ("Kodak"). Kodak issued the guarantees as part of its "Partnering for Growth Program," which allowed photography studios to make lease payments for equipment upgrades through a surcharge on the consumable products they purchased from Kodak.

12. On January 1, 2006, prior to the execution of the 2006 Promissory Note, TPP and Kodak entered into a Consumables Purchase Agreement, which set the terms of Kodak's sale of certain consumable products to TPP. When the 2006 Promissory Note was executed, the Consumables Purchase Agreement was amended to allow TPP to make its lease payments through a surcharge on the consumable products it purchased from Kodak. Pursuant to this October 25, 2006 Addendum to the Consumables Purchase Agreement ("2006 Addendum"), Kodak agreed to collect the surcharge from TPP and pay it "to EKCC once each month for application against [TPP's] lease payment for the Equipment."

13. TPP agreed to

> Pay Kodak on a monthly basis a surcharge equal to **32.57** percent of the selling price of all consumables sold to [TPP] by Kodak under the [Consumables Purchase] Agreement. This surcharge amount will be added to each invoice issued by Kodak under the Agreement until [TPP] has paid a cumulative total of surcharges of **$5,213,600.00 plus applicable sales tax**, the total of all lease payments and related charges due EKCC under the lease for the Equipment.

14. Kodak began invoicing TPP for the surcharge in December 2006, even though the 2006 Promissory Note prohibits partial prepayments and TPP's first installment payment was not due until June 2007.

**Overpayment by The Picture People**

15. The surcharge collected by Kodak has far exceeded the amounts due EKCC under the Promissory Notes. As of December 31, 2007, TPP had overpaid its obligations by $1,390,823.96 (exclusive of accrued interest).

16. TPP has repeatedly requested that EKCC refund the overpayment. By letter dated April 29, 2008, EKCC's Chief Financial Officer, L. Thomas Jewell, demanded that EKCC remit the overpayment and accrued interest. EKCC has failed to do so.

## COUNT I
## Unjust Enrichment

17. Plaintiff repeats and repleads each allegation set forth in Paragraphs 1 through 16, inclusive, and incorporates them by reference herein.

18. TPP has overpaid its obligation under the 2006 and 2007 Promissory Notes in an amount exceeding $1,400,000.

19. The 2006 and 2007 Promissory Notes preclude partial prepayment of TPP's obligations. Thus, the overpayments afford TPP no benefit.

20. EKCC is in possession of money not currently owed to it, and therefore has been unjustly enriched at TPP's expense.

21. By reason of the foregoing, TPP has sustained and continues to sustain damages in an amount to be determined at trial.

## COUNT II
## Conversion

22. Plaintiff repeats and repleads each allegation set forth in Paragraphs 1 through 16, inclusive, and incorporates them by reference herein.

23. Due to the surcharge on its purchases of consumer products from Kodak, TPP has overpaid its obligation under the 2006 and 2007 Promissory Notes in an amount exceeding $1,400,000.

24. The monies overpaid belong to TPP, and TPP has requested that the amount be returned.

25. EKCC has refused to return the overpayment or credit it against the balance of the note, and now exercises dominion and control over the funds.

26. TPP has sustained and continues to sustain damages in an amount to be determined at trial as a direct result of EKCC's unlawful conversion of the funds overpaid by TPP.

## COUNT III
### Breach of Contract (2006 Promissory Note)

27. Plaintiff repeats and repleads each allegation set forth in Paragraphs 1 through 16, inclusive, and incorporates them by reference herein.

28. The 2006 Promissory Note is a valid contract entered into by TPP and EKCC.

29. EKCC has not returned the overpayment or credited it against the balance of the note, as required by the terms of the 2006 Promissory Note.

30. This constitutes a breach of the 2006 Promissory Note.

31. TPP has sustained and continues to sustain damages in an amount to be determined at trial as a direct result of EKCC's breach of contract.

## COUNT IV
### Breach of Contract (2007 Promissory Note)

32. Plaintiff repeats and repleads each allegation set forth in Paragraphs 1 through 16, inclusive, and incorporates them by reference herein.

33. The 2007 Promissory Note is a valid contract entered into by TPP and EKCC.

34. EKCC has not returned the overpayment or credited it against the balance of the note, as required by the terms of the 2007 Promissory Note.

35. This constitutes a breach of the 2007 Promissory Note.

36. TPP has sustained and continues to sustain damages in an amount to be determined at trial as a direct result of EKCC's breach of contract.

WHEREFORE, TPP demands judgment against EKCC, as follows:

(a) On the First through Fourth Causes of Action, damages in an aggregate amount to be determined at trial;

(b) Prejudgment and postjudgment interest on all amounts due at the maximum rate allowed by law;

(c) Plaintiff's costs, expenses and disbursements of this action, including attorneys' fees; and

(d) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 14, 2008

Orrick, Herrington & Sutcliffe LLP

By: _____
Ayantha Lewis-Gruss
666 Fifth Avenue
New York, NY 10011
(212) 506-5000

Attorneys for Plaintiff
  The Picture People, Inc.

OF COUNSEL:

James E. Houpt
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 396-7239