AYANNA LEWIS-GRUSS
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10011
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE PICTURE PEOPLE, INC.,

    Plaintiff,

-against-

IMAGING FINANCIAL SERVICES, INC.
d/b/a EKCC, and EASTMAN KODAK
COMPANY

    Defendants.

---

08 Civ. 4499



ECF Case

**AMENDED COMPLAINT**

Plaintiff The Picture People, Inc. ("TPP") alleges, upon knowledge as to itself and its own acts, and upon information and belief as to all other matters, by its undersigned attorneys, Orrick, Herrington & Sutcliffe LLP, for its complaint against Defendants, as follows:

### NATURE OF ACTION

1. This is an action for damages to redress injuries suffered by TPP, as a result of Defendants' wrongful conduct, constituting unjust enrichment, conversion, breach of contract, aiding and abetting conversion, tortious interference with contractual relations, and prima facie tort. TPP and Defendant Imaging Financial Services, Inc. (referred to herein as "EKCC") are engaged in a business relationship whereby EKCC provided financing to TPP for the lease of necessary equipment. TPP and Defendant Eastman Kodak Company (referred to herein as "Kodak") are engaged in a business relationship whereby TPP purchases certain consumable

products from Kodak. This action stems from Defendants' refusal to return to TPP amounts paid by TPP in excess of its financing obligation. To date, TPP's overpayment exceeds $1.4 Million.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon the diversity of citizenship among the parties. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(c). The parties contractually submitted to the jurisdiction and venue of this Court and the Courts of the State of New York.

## THE PARTIES

4. Plaintiff TPP is a California corporation with its principal place of business located at 1800 10th Street Suite 300, Plano, Texas.

5. Defendant Imaging Financial Services, Inc. d/b/a EKCC ("EKCC") is a Delaware corporation with its principal place of business located at 44 Old Ridgebury Road, Danbury, Connecticut.

6. Defendant Eastman Kodak Company ("Kodak") is a New Jersey Corporation with its principal place of business located at 343 State Street, Rochester, New York.

## FACTUAL ALLEGATIONS

7. TPP operates photo studios in shopping malls located throughout the United States. In 2006, the company converted its studios from analog to digital technology. Specifically, TPP leased photo printers that it used to print portraits and other photographs. In order to lease the necessary printers, TPP entered into financing agreements with EKCC. TPP's

financial obligation to EKCC is guaranteed by Kodak, and TPP makes its lease payments through a surcharge on the consumable products it purchased from Kodak.

**Promissory Notes and Security Agreements**

8. In October 2006, EKCC and TPP executed Promissory Note and Security Agreement P4352071001 ("2006 Promissory Note"), pursuant to which, EKCC provided TPP with $3,600,000 to finance the lease of photo printers. TPP agreed to repay the $3.6 Million principal with interest on the unpaid principal balance at a rate of 10% per annum. The 2006 Promissory Note required TPP to repay its obligation in consecutive quarterly installments, with the first payment to occur in June 2007.

9. TPP Arranged to finance the lease of additional photo printers in August 2007. Pursuant to Promissory Note and Security Agreement P4486803001 ("2007 Promissory Note"), EKCC provided TPP with financing in the amount of $385,000. TPP agreed to repay the principal with interest on the unpaid principal balance at a rate of 10.75% per annum. The 2007 Promissory Note required TPP to repay its obligation in consecutive quarterly installments.

10. Both the 2006 and 2007 Promissory Notes preclude partial prepayment. The following language is included in both Notes:

> The Debtor may prepay in full, but not in part, its entire indebtedness hereunder upon payment of an additional sum as a premium equal to the following percentages of the original principal balance: three percent (3%) prior to the first annual anniversary date of this note and Security Agreement; two percent (2%) prior to the second annual anniversary date of this Note and Security Agreement; and zero percent (0%) thereafter, plus all other sums due hereunder.

11. Both the 2006 and 2007 Promissory Notes allow for overpayments to be refunded to TPP. In pertinent part, both agreements state:

>It is the intention of Debtor and Payee to comply with applicable usury laws. Accordingly, it is agreed that in no event shall this Note and Security Agreement require the payment or permit the collection of interest in excess of the maximum amount permitted by applicable law. If any such excess interest in contracted for, charged or received under this Note and Security Agreement, or if the principal balance shall be prepaid in such a manner that the amount of interest contracted for, charged or received under this Note and Security Agreement exceeds the maximum amount permitted by applicable law, then . . . (c) any excess interest which may have been collected shall, at Payee's option, either be applied as a credit against the unpaid balance of this Note and Security Agreement, or refunded to Debtor, and (d) the effective rate of interest shall be automatically reduced to the maximum lawful contract rate permitted under applicable law as construed by the courts having jurisdiction thereof.

**Partnering for Growth**

12. The 2006 and 2007 Promissory Notes are guaranteed by Kodak. Kodak issued the guarantees as part of its "Partnering for Growth Program," which allowed photography studios to make lease payments for equipment upgrades through a surcharge on the consumable products they purchased from Kodak.

13. On January 1, 2006, prior to the execution of the 2006 Promissory Note, TPP and Kodak entered into a Consumables Purchase Agreement, which set the terms of Kodak's sale of certain consumable products to TPP. When the 2006 Promissory Note was executed, the Consumables Purchase Agreement was amended to allow TPP to make its lease payments through a surcharge on the consumable products it purchased from Kodak. Pursuant to this October 25, 2006 Addendum to the Consumables Purchase Agreement, Kodak agreed to collect the surcharge from TPP and pay it "to EKCC once each month for application against [TPP's] lease payment for the Equipment."

14. TPP agreed to

> Pay Kodak on a monthly basis a surcharge equal to **32.57** percent of the selling price of all consumables sold to [TPP] by Kodak under the [Consumables Purchase] Agreement. This surcharge amount will be added to each invoice issued by Kodak under the Agreement until [TPP] has paid a cumulative total of surcharges of **$5,213,600.00 plus applicable sales tax**, the total of all lease payments and related charges due EKCC under the lease for the Equipment.

15. Kodak began invoicing TPP for the surcharge in December 2006, even though the 2006 Promissory Note prohibits partial prepayments and TPP's first installment payment was not due until June 2007.

16. As part of its decision to cease the distribution of consumable products, Kodak, in 2007, requested that TPP agree to amend the Consumables Purchase Agreement. Under the amendment proposed by Kodak, TPP would be required to purchase consumable products from an authorized distributor, but without any guarantee from Kodak that the authorized distributor would honor all terms of the Agreement, while certain other terms of the Agreement, such as a requirement to purchase only Kodak products, would remain in place. TPP and Kodak's attempts to negotiate the terms of the amendment were unsuccessful, and the original Consumables Purchase Agreement remains in place.

17. While negotiations were ongoing, Kodak continued to submit monthly invoices to TPP, but suspended TPP's obligation to make lease payments. As soon as it became clear to Kodak that the attempt to amend the Consumables Purchase Agreement would not succeed, it deemed three invoices, for which Kodak had previously suspended TPP's payment obligations, to be immediately due and payable, and threatened to stop supplying consumable products to TPP if TPP did not immediately pay the full amount of the three invoices – $363,727.03. Later that same month, Kodak submitted an additional two invoices to TPP,

bringing the total amount billed during May 2008 to $446,315.78. This amount is greater than the fees charged by Kodak to TPP during any prior month.

**Overpayment by The Picture People**

18. The surcharge collected by Kodak has far exceeded the amounts due EKCC under the Promissory Notes. As of December 31, 2007, TPP had overpaid its obligations by $1,390.823.96 (exclusive of accrued interest).

19. TPP has repeatedly requested that EKCC refund the overpayment. By letter dated April 29, 2008, TPP's Chief Financial Officer, L. Thomas Jewell, demanded that EKCC remit the overpayment and accrued interest. EKCC has failed to do so.

20. In response to TPP's April 29, 2008 payment demand, Wayne Duguay, an EKCC Sales Team Lead, left a voice message for TPP's Chief Financial Officer on April 30, 2008, stating that the dispute was "with Kodak," and EKCC was "waiting to hear back from Kodak" as to how it should handle TPP's overpayment. Upon information and belief, Kodak is interfering in the return of the overpayment in retaliation for TPP declining to amend the Consumables Purchase Agreement, or as a means to coerce TPP to agree to the amendment.

### COUNT I
### Unjust Enrichment
### (Against EKCC)

21. Plaintiff repeats and repleads each allegation set forth in Paragraphs 1 through 20, inclusive, and incorporates them by reference herein.

22. TPP has overpaid its obligation under the 2006 and 2007 Promissory Notes in an amount exceeding $1,400,000.

23. The 2006 and 2007 Promissory Notes preclude partial prepayment of TPP's obligations. Thus, the overpayments afford TPP no benefit.

24. EKCC is in possession of money not currently owed to it, and therefore has been unjustly enriched at TPP's expense.

25. By reason of the foregoing, TPP has sustained and continues to sustain damages in an amount to be determined at trial.

## COUNT II
### Conversion
### (Against EKCC)

26. Plaintiff repeats and repleads each allegation set forth in Paragraphs 1 through 20, inclusive, and incorporates them by reference herein.

27. Due to the surcharge on its purchases of consumer products from Kodak, TPP has overpaid its obligation under the 2006 and 2007 Promissory Notes in an amount exceeding $1,400,000.

28. The monies overpaid belong to TPP, and TPP has requested that the amount be returned.

29. EKCC has refused to return the overpayment and now exercises dominion and control over the funds.

30. TPP has sustained and continues to sustain damages in an amount to be determined at trial as a direct result of EKCC's unlawful conversion of the funds overpaid by TPP.

## COUNT III
### Breach of Contract (2006 Promissory Note)
### (Against EKCC)

31. Plaintiff repeats and repleads each allegation set forth in Paragraphs 1 through 20, inclusive, and incorporates them by reference herein.

32. The 2006 Promissory Note is a valid contract entered into by TPP and EKCC.

33. EKCC has not returned the overpayment, thereby breaching the terms of the 2006 Promissory Note.

34. TPP has sustained and continues to sustain damages in an amount to be determined at trial as a direct result of EKCC's breach of contract.

## COUNT IV
### Breach of Contract (2007 Promissory Note)
### (Against EKCC)

35. Plaintiff repeats and repleads each allegation set forth in Paragraphs 1 through 20, inclusive, and incorporates them by reference herein.

36. The 2007 Promissory Note is a valid contract entered into by TPP and EKCC.

37. EKCC has not returned the overpayment, thereby breaching the terms of the 2007 Promissory Note.

38. TPP has sustained and continues to sustain damages in an amount to be determined at trial as a direct result of EKCC's breach of contract.

## COUNT V
### Tortious Interference With Contractual Relations
### (Against Kodak)

39. Plaintiff repeats and repleads each allegation set forth in Paragraphs 1 through 20, and 31 through 38, inclusive, and incorporates them by reference herein.

40. The provisions of the 2006 and 2007 Promissory Notes constitute valid and enforceable contractual obligations. EKCC has breached its contractual obligations by refusing to return the overpayment to TPP.

41. Kodak, as guarantor of the 2006 and 2007 Promissory Notes, has knowledge of the existence and contents of both contracts.

42. Kodak, despite its knowledge of the pertinent provisions of the 2006 and 2007 Promissory Notes, directed EKCC to violate the terms of the Notes. Kodak, therefore, has

intentionally and through wrongful means induced and procured the breach of, and has interfered with and continues to interfere with the benefits of the 2006 and 2007 Promissory Notes without justification.

43. TPP has sustained and continues to sustain damages in an amount to be determined at trial as a direct result of Kodak's intentional interference with the 2006 and 2007 Promissory Notes.

## COUNT VI
### Aiding and Abetting Conversion
### (Against Kodak)

44. Plaintiff repeats and repleads each allegation set forth in Paragraphs 1 through 20, inclusive, and incorporates them by reference herein.

45. EKCC has converted the more than $1.4 million TPP overpaid under the 2006 and 2007 Promissory Notes. Despite TPP's repeated request that the overpayment be returned to it, EKCC continues to exercise dominion and control over the funds.

46. Kodak has aided and abetted EKCC's conversion of the funds by collecting a surcharge well in excess of the amount of TPP's lease payment.

47. Kodak has further aided and abetted EKCC's conversion by instructing EKCC not to return the overpaid funds to EKCC, thereby instructing EKCC to continue its unlawful exercise of dominion and control over the funds.

48. TPP has sustained and continues to sustain damages in an amount to be determined at trial as a direct result of Kodak's aiding and abetting EKCC's conversion of the funds overpaid by TPP.

## COUNT VII
## Prima Facie Tort
## (Against Kodak)

49. Plaintiff repeats and repleads each allegation set forth in Paragraphs 1 through 20, inclusive, and incorporates them by reference herein.

50. Kodak has intentionally harmed TPP by instructing EKCC to withhold the funds TPP overpaid under the 2006 and 2007 Promissory Notes.

51. The 2006 and 2007 Promissory Notes preclude partial prepayment of TPP's obligations. Thus, the overpayments afford TPP no benefit, and TPP has been harmed by its inability to use the funds to further the interest of its business.

52. In directing EKCC to withhold funds owed to TPP, Kodak acted with disinterested malevolence.

53. Neither Kodak or EKCC has offered an explanation for Kodak's involvement in the dispute between EKCC and TPP, nor could they, because no valid explanation exists.

54. As a direct result of Kodak's prima facie tortious conduct, TPP has sustained and continues to sustain special damages in the amount of its overpayment of its obligations under the 2006 and 2007 Promissory Notes. As of December 31, 2007, the amount of the TPP's overpayment was $1,390,823.96 (exclusive of accrued interest).

WHEREFORE, TPP demands judgment against EKCC, as follows:

(a)   On the First through Seventh Causes of Action, damages in an aggregate amount to be determined at trial;

(b)   Prejudgment and postjudgment interest on all amounts due at the maximum rate allowed by law;

(c)   Plaintiff's costs, expenses and disbursements of this action, including attorneys' fees; and

(d)   Such other and further relief as this Court may deem just and proper.


Dated: New York, New York
       June 5, 2008

Orrick, Herrington & Sutcliffe LLP

By: /s/ Ayanna Lewis-Gruss
Ayanna Lewis-Gruss
666 Fifth Avenue
New York, NY 10011
(212) 506-5000

Attorneys for Plaintiff
    The Picture People, Inc.


OF COUNSEL:

James E. Houpt
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 396-7239