UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

THE PICTURE PEOPLE, INC.,

                      Plaintiff,

vs.

IMAGING FINANCIAL SERVICES, INC.,
d/b/a EKCC, and EASTMAN KODAK
COMPANY,

                      Defendants.
───────────────────────────────────────────────

**ANSWER TO
AMENDED COMPLAINT**

ECF Case

08 Civ. 4499 LAK

        Defendant Eastman Kodak Company ("Kodak"), by its attorneys, for its answer to plaintiff's Amended Complaint, states that it:

        1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4 and 5.

        2.      Admits the allegations in paragraphs 6, 9, 13, and 14.

        3.      Denies the allegations in paragraphs 18, 22, 24, 25, 27, 28, 29, 30, 33, 34, 37, 38, 42, 43, 45, 46, 47, 48, 50, 52, 53, and 54.

        4.      Neither admits nor denies the allegations in paragraphs 32, 36, and 41, which purport to set forth legal conclusions to which no responsive pleading is required.

        5.      Responds to the allegations incorporated by reference in paragraphs 21, 26, 31, 35, 39, 44, and 49 as it responded to each of the allegations incorporated therein.

        6.      Denies the allegations in paragraph 1, except admits that The Picture People, Inc. ("TPP") and Imaging Financial Services, Inc. ("EKCC") are engaged in a business relationship whereby EKCC provided financing to TPP for the lease of certain equipment; and admits that

TPP and Kodak are engaged in a business relationship whereby TPP purchases certain consumable products from Kodak.

7.    Neither admits nor denies the allegations in paragraph 2, which purport to set forth legal conclusions to which no responsive pleading is required; except denies knowledge or information sufficient to form a belief as to the citizenship of the other parties; and admits that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

8.    Neither admits nor denies the allegations in paragraph 3, which purport to set forth legal conclusions to which no responsive pleading is required; except denies that it contractually submitted to the jurisdiction and venue of this Court and the Courts of the State of New York.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except admits that TPP entered into certain Promissory Note and Security Agreements with EKCC; admits that pursuant to a separate agreement, Kodak agreed to be obligated to indemnify and hold harmless EKCC from any and all risk of loss and out-of-pocket expenses with respect to the transaction whereby EKCC provided financing to TPP for the lease of certain equipment; and admits that TPP makes its lease payments through a surcharge on consumable products it purchases from Kodak and that Kodak remits the amounts collected via the surcharges to EKCC.

10.    Admits the allegations in paragraph 8, except denies knowledge or information sufficient to form a belief as to the date on which EKCC and/or TPP executed the 2006 Promissory Note; denies that the interest rate specified in the 2006 Promissory Note is 10% per annum; and states that the rate specified in the 2006 Promissory Note is 10.10% (ten point ten percent) per annum.

11.     Neither admits nor denies the allegations in paragraph 10, which purport to interpret the terms of the 2006 Promissory Note and 2007 Promissory Note; except admits that the allegations quote a portion of the 2006 Promissory Note and 2007 Promissory Note; and respectfully refers the Court to the 2006 Promissory Note and 2007 Promissory Note for a complete recitation of their terms and interpretation in context.

12.     Neither admits nor denies the allegations in paragraph 11, which purport to interpret the terms of the 2006 Promissory Note and 2007 Promissory Note; except admits that the allegations quote a portion of a paragraph of the 2006 Promissory Note and 2007 Promissory Note; and respectfully refers the Court to the 2006 Promissory Note and 2007 Promissory Note for a complete recitation of their terms and interpretation in context.

13.     Admits the allegations in paragraph 12, except neither admits or denies the characterization that Kodak "guaranteed" the 2006 Promissory Note and 2007 Promissory Note, which purports to state a legal conclusion to which no responsive pleading is required; and states that pursuant to a separate agreement, Kodak agreed to be obligated to indemnify and hold harmless EKCC from any and all risk of loss and out-of-pocket expenses with respect to the transaction whereby EKCC provided financing to TPP for the lease of certain equipment.

14.     Admits the allegations in paragraph 15, except neither admits nor denies those allegations that purport to interpret the terms of the 2006 Promissory Note; and respectfully refers the Court to the 2006 Promissory Note for a complete recitation of its contents and interpretation in context.

15.     Denies the allegations in paragraph 16, except admits that Kodak proposed an amendment to the Consumables Purchase Agreement ("CPA") in 2007; admits that TPP refused the proposed amendment; admits that the CPA and the Addendum to Consumables Purchase

Agreement ("CPA Addendum") remain in full force and effect; and states that pursuant to the amendment proposed by Kodak, Kodak would have distributed products to TPP through a third-party distributor and TPP would have retained the option to purchase consumables directly from Kodak if TPP became dissatisfied with the third-party distributor's performance.

16.     Denies the allegations in paragraph 17, except admits that it continued to submit monthly invoices to TPP, consistent with the CPA and CPA Addendum, while negotiations of an amendment to the CPA were ongoing; and states that during the negotiations, Kodak granted TPP an extension on the due dates of two invoices and that TPP nevertheless failed to pay the invoices on or prior to the due dates provided pursuant to the extensions.

17.     Denies the allegations in paragraph 19, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding TPP's alleged requests.

18.     Denies the allegations in paragraph 20, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged voice message referenced therein.

19.     Denies the allegations in paragraph 23, except neither admits nor denies those allegations that purport to interpret the terms of the 2006 Promissory Note and 2007 Promissory Note; and respectfully refers the Court to the 2006 Promissory Note and 2007 Promissory Note for a complete recitation of their contents and interpretation in context.

20.     Denies the allegations in paragraph 40, except neither admits nor denies the allegation that the provisions of the 2006 Promissory Note and the 2007 Promissory Note constitute valid and enforceable contractual obligations, which purports to set forth a legal conclusion to which no responsive pleading is required.

21.     Denies the allegations in paragraph 51, except neither admits nor denies those allegations that purport to interpret the terms of the 2006 Promissory Note and 2007 Promissory Note; and respectfully refers the Court to the 2006 Promissory Note and the Promissory 2007 Note for a complete recitation for their contents and interpretation in context.

### FIRST AFFIRMATIVE DEFENSE

22.     The Amended Complaint fails to state a claim upon which relief can be granted as to Kodak.

### SECOND AFFIRMATIVE DEFENSE

23.     Pursuant to the CPA and CPA Addendum, Kodak and TPP agreed that Kodak would collect a surcharge equal to 32.57% of the selling price of all consumables sold by Kodak to TPP and that Kodak was contractually obligated to pay the amount collected from TPP via the surcharge to EKCC once each month.

24.     In order for TPP to secure financing from EKCC to finance the equipment, it was necessary for Kodak to enter an agreement with EKCC whereby Kodak agreed to be obligated to indemnify and hold harmless EKCC from any and all risk of loss and out-of-pocket expenses with respect to the transaction whereby EKCC provided financing to TPP.

25.     At no time did Kodak act with malice, any intent to cause harm to TPP, or with any intent to induce the breach of any contract. Rather, at all times, Kodak acted in good faith, consistent with a lawful and reasonable business justification, and consistent with its rights and obligations, including but not limited to its rights and obligations under the CPA and CPA Addendum.

26.     Therefore, TPP cannot recover against Kodak based upon any of the claims alleged in this action.

**THIRD AFFIRMATIVE DEFENSE**

27.     Pursuant to the terms of the CPA, CPA Addendum, 2006 Promissory Note, and 2007 Promissory Note, TPP had both actual and constructive knowledge that the amounts it paid pursuant to the surcharge under the CPA and CPA Addendum were paid in advance of the due dates for the quarterly installments under the 2006 Promissory Note and 2007 Promissory Note.

28.     Since December 2006 and continuing to the present, TPP has continued to pay the surcharge with both actual and constructive knowledge that Kodak was forwarding the surcharge payments to EKCC once each month, consistent with Kodak's contractual obligations under the CPA and CPA Addendum.

29.     Therefore, plaintiff's claims are barred by the doctrines of waiver and/or voluntary payment.

WHEREFORE, defendant Eastman Kodak Company demands judgment dismissing plaintiff's Amended Complaint in its entirety and awarding it costs and disbursements incurred in defending this action, together with such other relief as may be proper.

Dated: Rochester, New York
       August 14, 2008

WARD NORRIS HELLER & REIDY LLP

By:     s/Tony R. Sears
        Harold A. Kurland (HK 6834)
        Tony R. Sears (TS 8659)
        300 State Street
        Rochester, New York
        (585) 454-0700
        hak@wnhr.com
        trs@wnhr.com

*Attorneys for Defendant*
*Eastman Kodak Company*