UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE PICTURE PEOPLE, INC. | : | CIVIL NO. 08-4499 (LAK) |
| Plaintiff, | : | |
| v. | : | |
| IMAGING FINANCIAL SERVICES, INC. d/b/a EKCC, and EASTMAN KODAK COMPANY | : | |
| Defendants. | : | AUGUST 14, 2008 |

## ANSWER TO AMENDED COMPLAINT

Defendant Imaging Financial Services, Inc. d/b/a EKCC ("EKCC"), by its undersigned counsel, for its Answer to the Amended Complaint (the "Complaint") of The Picture People, Inc. ("Plaintiff" or "TPP"), states as follows:

### NATURE OF ACTION

1.  The allegations contained in paragraph 1 of the Complaint are denied, except EKCC admits that TPP alleges the listed claims, and that TPP and EKCC are engaged in a business relationship whereby EKCC provided financing to TPP for the acquisition of certain equipment. EKCC lacks knowledge or information sufficient to form a belief as to the business relationship of TPP and defendant Eastman Kodak Company ("Kodak").

### JURISDICTION AND VENUE

2.  The allegations contained in paragraph 2 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, they are denied.

3.  The allegations contained in paragraph 3 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, they are denied.

## THE PARTIES

4. EKCC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5. EKCC admits the allegations contained in paragraph 5 of the Complaint.

6. EKCC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7. EKCC admits plaintiff operates photo studios in shopping malls located throughout the United States and plaintiff's financial obligation to EKCC is guaranteed by Kodak. EKCC admits plaintiff makes its loan payments through a surcharge on the consumable products it purchases from Kodak, but denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that the company converted its studios from analog to digital technology in 2006 or that TPP leased photo printers that it used to print portraits and other photographs.

8. EKCC denies each and every allegation contained in paragraph 8 of the Complaint, except admits that the EKCC and TPP executed the 2006 Promissory Note. The complete and accurate description of the content of the 2006 Promissory Note is contained in the document which speaks for itself and plaintiff is left to its proof.

9. EKCC denies each and every allegation contained in paragraph 9 of the Complaint, except admits that the EKCC and TPP executed the 2007 Promissory Note. The complete and accurate description of the content of the 2007 Promissory Note is contained in the document which speaks for itself and plaintiff is left to its proof.

10. EKCC denies each and every allegation contained in paragraph 10 of the Complaint, except admits that the EKCC and TPP executed the 2006 Promissory Note and 2007 Promissory Note. The complete and accurate descriptions of the contents of the 2006 Promissory Note and 2007 Promissory Note are contained in the documents which speak for themselves.

11. EKCC denies each and every allegation contained in paragraph 11 of the Complaint.

12. EKCC admits the allegations contained in paragraph 12 of the Complaint.

13. EKCC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. EKCC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. EKCC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. EKCC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. EKCC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18. EKCC denies each and every allegation contained in paragraph 18 of the Complaint.

19. EKCC denies each and every allegation contained in paragraph 19 of the Complaint.

20. EKCC denies each and every allegation contained in paragraph 20 of the Complaint.

## COUNT I
## Unjust Enrichment
## (Against EKCC)

21. EKCC repeats and realleges its responses to paragraphs 1 through 20 above as if fully set forth herein.

22. EKCC denies each and every allegation contained in paragraph 22 of the Complaint.

23. EKCC denies each and every allegation contained in paragraph 23 of the Complaint.

24. EKCC denies each and every allegation contained in paragraph 24 of the Complaint.

25. EKCC denies each and every allegation contained in paragraph 25 of the Complaint.

## COUNT II
## Conversion
## (Against EKCC)

26. EKCC repeats and realleges its responses to paragraphs 1 through 25 above as if fully set forth herein.

27. EKCC denies each and every allegation contained in paragraph 27 of the Complaint.

28. EKCC denies each and every allegation contained in paragraph 28 of the Complaint.

29. EKCC denies each and every allegation contained in paragraph 29 of the Complaint.

30. EKCC denies each and every allegation contained in paragraph 30 of the Complaint.

### COUNT III
### Breach of Contract (2006 Promissory Note)
### (Against EKCC)

31. EKCC repeats and realleges its responses to paragraphs 1 through 30 above as if fully set forth herein.

32. EKCC denies the allegations contained in paragraph 32 of the Complaint and leaves Plaintiff to its proof.

33. EKCC denies each and every allegation contained in paragraph 33 of the Complaint.

34. EKCC denies each and every allegation contained in paragraph 34 of the Complaint.

### COUNT IV
### Breach of Contract (2007 Promissory Note)
### (Against EKCC)

35. EKCC repeats and realleges its responses to paragraphs 1 through 34 above as if fully set forth herein.

36. EKCC denies the allegations contained in paragraph 36 of the Complaint and leaves Plaintiff to its proof.

37. EKCC denies each and every allegation contained in paragraph 37 of the Complaint.

38.     EKCC denies each and every allegation contained in paragraph 38 of the Complaint.

## COUNT V
### Tortious Interference With Contractual Relations
### (Against Kodak)

39.     The allegations contained in paragraph 39 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

40.     The allegations contained in paragraph 40 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

41.     The allegations contained in paragraph 41 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

42.     The allegations contained in paragraph 42 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

43.     The allegations contained in paragraph 43 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

## COUNT VI
### Aiding and Abetting Conversion
### (Against Kodak)

44.     The allegations contained in paragraph 44 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

45.     The allegations contained in paragraph 45 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

46.     The allegations contained in paragraph 46 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

47. The allegations contained in paragraph 47 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

48. The allegations contained in paragraph 48 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

## COUNT VII
### Prima Facie Tort
### (Against Kodak)

49. The allegations contained in paragraph 49 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

50. The allegations contained in paragraph 50 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

51. The allegations contained in paragraph 51 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

52. The allegations contained in paragraph 52 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

53. The allegations contained in paragraph 53 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

54. The allegations contained in paragraph 54 are not directed to EKCC and therefore no response is required. To the extent a response is required, they are denied.

The "Wherefore" clause at the end of Count VII on page 10 of the Complaint sets forth a demand for relief that requires no response; to the extent a response is required, EKCC denies the allegations and denies causing any damages to plaintiff.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, EKCC asserts the additional defenses below and expressly reserves and does not waive the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefore.

### FIRST AFFIRMATIVE DEFENSE

The allegations of the Amended Complaint fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

EKCC at all times acted in the exercise of good faith and reasonableness with respect to plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages and/or failed to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

Any and all damages alleged to have been suffered by the plaintiff were not caused by or related to any act and/or omission alleged to be chargeable to defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any damages purportedly suffered by plaintiff were the result of the conduct of third parties, including, without limitation, prior, intervening or superseding conduct by such third parties.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, because plaintiff's alleged damages, if any, are speculative.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped and barred, in whole, or in part, by its own conduct from recovering the relief being sought.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine.

**WHEREFORE**, EKCC denies that it is liable on the causes of action alleged and requests judgment in its favor dismissing the Amended Complaint in its entirety with prejudice, together with attorneys' fees, costs of suit and such other and further relief that the Court may deem just, proper and appropriate.

Dated: August 14, 2008

        DEFENDANT
        IMAGING FINANCIAL SERVICES, INC.
        d/b/a EKCC

        By  /s/  William J. Kelleher III
           William J. Kelleher III (WK 2146)
           Alexander D. Pencu (AP 0816)
           Robinson & Cole LLP
           885 Third Avenue
           28th Floor
           New York, New York 10022
           Tel. No.: 212-451-2900
           Fax No.: 212-451-2999
           E-mail: wkelleher@rc.com
           E-mail: apencu@rc.com

**CERTIFICATION**

      I hereby certify that the foregoing was filed with the Court electronically and served on all counsel of record listed below via the electronic court filing (ECF) system and served by mail on anyone unable to accept electronic filing or emails on this 14th day of August, 2008.  Notice of this filing will be sent by email to all parties by generation of the Court's ECF system and by mail on anyone unable to receive email.  Parties may access this filing through the Court's CM/ECF system.

| | |
|---|---|
| Ayanna Lewis-Gruss, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, New York 10011 | Harold A. Kurland, Esq.<br>Tony R. Sears, Esq.<br>Ward Norris Heller & Reidy LLP<br>300 State Street<br>Rochester, New York 14614 |

                                                     /s/ William J. Kelleher III
                                                        William J. Kelleher III