AYANNA LEWIS-GRUSS
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 506-5000
Facsimile:  (212) 506-5151

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **THE PICTURE PEOPLE, INC.,** | 08 Civ. 4499 LAK |
| Plaintiff, | |
| -against- | ECF Case |
| **IMAGING FINANCIAL SERVICES, INC. d/b/a EKCC, and EASTMAN KODAK COMPANY** | **NOTICE OF MOTION TO COMPEL THE DEPOSITION OF PAMELA CORRIE AND EXTEND DISCOVERY** |
| Defendants. | |

PLEASE TAKE NOTICE THAT Plaintiff The Picture People, Inc. ( "TPP"), by their attorneys, Orrick, Herrington & Sutcliffe LLP., will move this Court, before the Honorable Lewis A. Kaplan, United States District Judge in the United States Courthouse for the Southern District of New York, 500 Pearl Street, Courtroom 12D, New York, New York, 10007-1312, at a time convenient for the Court, for an order granting Plaintiff's motion to compel the deposition of Pamela Corrie and to extend the discovery deadline until May 1, 2009.

Plaintiff's Motion is based upon the accompanying Motion to Compel and exhibits attached thereto.

Dated: New York, New York
       April 20, 2009

                                    Orrick, Herrington & Sutcliffe LLP


                                    By:    s/ Ayanna Lewis-Gruss
                                        Ayanna Lewis-Gruss
                                        666 Fifth Avenue
                                        New York, NY 10011
                                        (212) 506-5000

                                        Attorneys for Plaintiff
                                           The Picture People, Inc.


OF COUNSEL:

James E. Houpt
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 396-7239

AYANNA LEWIS-GRUSS
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 506-5000
Facsimile:  (212) 506-5151

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **THE PICTURE PEOPLE, INC.,** | 08 Civ. 4499 LAK |
| Plaintiff, | |
| -against- | ECF Case |
| **IMAGING FINANCIAL SERVICES, INC.**<br>**d/b/a EKCC, and EASTMAN KODAK**<br>**COMPANY** | |
| Defendants. | |

### THE PICTURE PEOPLE, INC.'S MOTION TO COMPEL
### THE DEPOSITION OF PAMELA CORRIE AND EXTEND DISCOVERY

Plaintiff The Picture People, Inc. ("TPP") moves, pursuant to Rule 37 of the Federal

Rules of Civil Procedure, to: (1) provisionally compel defendant Imaging Financial Services,

Inc. d/b/a/ EKCC ("EKCC") to produce Pamela Corrie, its in-house counsel, for deposition prior

to the close of discovery; and (2) because EKCC has informed TPP that Ms. Corrie is not

available prior to the scheduled close of discovery (April 24, 2009), and TPP's witness James

Houpt is similarly unavailable, to extend discovery in this case until May 1, 2009.

EKCC has been on notice that TPP intended to depose Ms. Corrie in this action since

November 26, 2008, the date of the initial notice for Ms. Corrie's deposition.[1]  Further, on March

27, 2009, the Court directed EKCC to make Ms. Corrie available.  Despite the Court's directive,

---

[1] See Notice of Deposition of Pamela Corrie, dated November 26, 2008, a true and correct copy of which is attached
as Exhibit A.

and the rapidly approaching close of discovery, EKCC has yet to identify a single date on which it would make Ms. Corrie available.  Thus, in order to protect its right to complete all necessary discovery, TPP reluctantly brings EKCC's continued attempt to thwart discovery to the Court's attention.

The November 26 notice stated that TPP would take the deposition at a date, time, and place mutually convenient to the parties, or to be agreed upon by counsel.  TPP, through its counsel, made several attempts to work with EKCC's counsel to identify dates for Ms. Corrie's deposition.[2]  EKCC's unreasonable delay in pursuing discovery is further evidenced by the fact that it did not raise any objection to the deposition of Ms. Corrie until four months after TPP served notice of her deposition.  On March 26, 2009, during a teleconference between counsel, EKCC's counsel stated for the first time that EKCC would not produce Ms. Corrie because she is in-house counsel for the company.  TPP's counsel raised EKCC's refusal to produce Ms. Corrie during the parties' March 27, 2009 conference before the Court.  The Court directed EKCC to produce Ms. Corrie, provided TPP produced its outside counsel, James Houpt.

On Thursday, April 2, 2009, TPP's counsel proposed a compromise by which the parties might be able to avoid the depositions of their respective counsel.[3]  EKCC's response to TPP's proposal came six days later at the close of business.[4]  EKCC rejected TPP's compromise and stated that Ms. Corrie had limited availability during the month.  Counsel for TPP responded within seventy-five minutes, and informed EKCC that because EKCC had rejected the proposed compromise, TPP believed it would be necessary to schedule Ms. Corrie's deposition.  Thus,

---

[2] See e.g., February 4, 2009 letter from A. Lewis-Gruss to W. Kelleher and T. Sears; March 19, 2009 letter from A. Lewis-Gruss to W. Kelleher and T. Sears.  True and correct copies of both letters are attached as Exhibits B and C, respectively.
[3] See e-mail string between A. Lewis-Gruss and W. Kelleher, a true and correct copy of which is attached as Exhibit D.
[4] Id.

TPP inquired if Ms. Corrie was available on April 24th, and repeated its earlier acknowledgement of EKCC's right to depose Mr. Houpt.[5]  Almost twenty-four hours later, EKCC responded that Ms. Corrie was not available on the 24th, and offered no other dates on which Ms. Corrie could be produced.[6]

At that point, in order to ensure that all necessary depositions would be completed in advance of the close of discovery, TPP served a renewed deposition notice to take Ms. Corrie's deposition at 2:00 p.m. on April 23, 2009 in Rochester, New York.[7]  In an accompanying cover letter, TPP requested that EKCC inform it by the close of business on April 13, 2009 whether it intended to produce Ms. Corrie as noticed.  Consistent with its pattern of slow responses, EKCC waited until the eve of the first deposition in this action to notify TPP that Ms. Corrie was not available on April 23, 2009.  EKCC's letter, dated Tuesday, April 14, 2009, stated that Ms. Corrie had limited availability during the week of April 12th.  The parties had previously scheduled the depositions of TPP's witnesses for April 15 and 16, 2009.

By letter dated April 16, 2009, TPP's counsel informed EKCC's counsel that it intended to abide by its offer to refrain from taking Ms. Corrie's deposition until the depositions of EKCC's other witnesses are completed.  However, due to the fact that discovery is set to close in this action on April 24, 2009, TPP requested that EKCC and Kodak agree to allow the depositions of Ms. Corrie and Mr. Houpt to be held after the close of discovery.  Further, TPP requested that EKCC provide dates by the close of business on April 17, 2009, on which Ms. Corrie could be available if it was necessary to proceed with her deposition.  EKCC did not respond.

---

[5] *Id.*

[6] *Id.*

[7] See Notice of Deposition of Pamela Corrie, dated April 10, 2009, a true and correct copy of which is attached as Exhibit E.  EKCC had previously agreed to make the two other EKCC witnesses TPP noticed for deposition available in Rochester.

On April 19, 2009, TPP's counsel sent a draft of this motion to EKCC's counsel, and again requested dates on which Ms. Corrie would be made available.  In response, EKCC's counsel stated that EKCC is "fine with squeezing in any necessary depositions of [Ms. Corrie.] and Mr. Houpt before May 1."[8]  However, EKCC again did not provide any dates on which Ms. Corrie would be made available.  Thus, TPP has no choice but to make this motion in order to protect its right to complete all necessary discovery.

The depositions of Kodak's and EKCC's other witnesses are scheduled for April 21 through April 23, 2009.  If TPP continues to require Ms. Corrie's testimony after the deposition of all other witnesses, TPP remains willing to depose Ms. Corrie as noticed on April 23, 2009. In the alternative, TPP is also willing to depose Ms. Corrie up to and until May 1, 2009, a date which is sufficiently in advance of its May 6, 2009 deadline for serving designations of deposition testimony it proposes to offer into evidence.  Finally, due to EKCC's delay in requesting dates for Mr. Houpt's deposition, Mr. Houpt is no longer available before the close of discovery, and TPP seeks an order extending discovery for the limited purposes of deposing Ms. Corrie and Mr. Houpt.

## CONCLUSION

TPP respectfully requests that the Court order: (1) EKCC to produce Pamela Corrie for deposition on or before May 1, 2009, subject to TPP's cancellation of the deposition if TPP no longer needs Ms. Corrie's testimony; and (2) extend discovery until May 1, 2009, for the limited purpose of completing the depositions of Pamela Corrie and James Houpt.

---

[8] See April 20, 2009 e-mail from W. Kelleher to A. Lewis-Gruss, a true and correct copy of which is attached hereto as Exhibit F.

Dated: New York, New York
       April 20, 2009

                                   Orrick, Herrington & Sutcliffe LLP


                                   By: __s/ Ayanna Lewis-Gruss_____
                                       Ayanna Lewis-Gruss
                                       666 Fifth Avenue
                                       New York, NY 10011
                                       (212) 506-5000

                                       Attorneys for Plaintiff
                                          The Picture People, Inc.


OF COUNSEL:

James E. Houpt
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 396-7239