UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE PICTURE PEOPLE, INC.,

Plaintiff,

-against-

IMAGING FINANCIAL SERVICES, INC. d/b/a EKCC and EASTMAN KODAK COMPANY,

Defendants.

---

CIVIL NO. 08cv4499 (LAK)

ECF Case

**DEFENDANT IMAGING FINANCIAL SERVICES, INC. d/b/a EKCC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Imaging Financial Services, Inc. d/b/a EKCC ('EKCC") by its undersigned attorneys, submits this Memorandum of Law in Opposition to Plaintiff, The Picture People's ("TPP") Motion to Compel, dated April 20, 2009. In short, TPP's Motion is a gross distortion of the facts deliberately undertaken to disguise its failure to produce TPP's own witness as required by this Court's Order at the conference held on March 27, 2009. EKCC regrets having to burden or even involve the Court in this routine issue, but TPP's Motion necessitates a response and clarification.

TPP has insisted on deposing EKCC's in-house counsel, Pamela Corrie, about supposed statements made in discussions with TPP's outside counsel, James Houpt, soon after this case was filed. At the March 27th conference, however, this Court conditionally permitted Ms. Corrie's deposition to go forward only if TPP made its outside counsel, Mr. Houpt, available for a deposition. Although TPP selectively and meticulously recounts its unilateral and self-serving

ultimatums and demands regarding Ms. Corrie's deposition since the conference, it fails to inform the Court that TPP has refused to provide dates for Mr. Houpt's deposition, despite EKCC's repeated demands over the past three weeks to do so, and EKCC's acceptance of TPP's proposal to depose the other fact witnesses first who were actually involved in the events in this case. *See* Exhibit 1 (for instances of EKCC's repeated demands for deposition dates for Mr. Houpt). In its Motion, TPP finally reveals for the first time that its own witness, Mr. Houpt, is not available until May 1, hence, the real reason for its Motion. No reason is given for his unavailability.

TPP cannot insist on deposing Ms. Corrie while simultaneously refusing to make Mr. Houpt available. A review of TPP's Motion demonstrates its own unreasonableness. EKCC has repeatedly offered a common-sense approach to submitting the requisite testimony of the two attorneys in question, if needed at all. Examples of EKCC's proposals are attached as Exhibit 2. Unfortunately, TPP has refused to be sensible in its conduct.

**A. TPP's Failure to Produce Its Own Witness, Mr. Houpt**

As noted above, TPP's entire motion is driven by Mr. Houpt's own unavailability. EKCC has repeatedly informed TPP that Ms. Corrie, consistent with this Court's Order, would be produced if Mr. Houpt would similarly be made available for a deposition. Despite EKCC's repeated requests and invitations for available dates, TPP refused to indicate whether it would produce Mr. Houpt, let alone on what dates he was available, and instead played cat and mouse games. *See* Exhibit 1 for TPP's non-responsiveness to EKCC's requests for deposition dates.

In fact, TPP only provided a date for Mr. Houpt's deposition for the first time on Monday, April 20, just two hours before it filed its Motion. *See* Exhibit 2 for TPP's communication with EKCC regarding Mr. Houpt's availability. Then in its Motion, TPP first

informed EKCC that Mr. Houpt's earliest availability is May 1, 2009 – the precise date to which TPP seeks to extend the discovery deadline. Rather than manufacturing meritless discovery disputes and needless motion practice, TPP should have simply informed EKCC about Mr. Houpt's unavailability from the outset and the parties could have resolved the issue without judicial intervention on reasonable terms, as repeatedly suggested in EKCC's e-mail communications with TPP's counsel.

**B.     TPP's Knowledge of Ms. Corrie's Unavailability**

TPP's unreasonableness is also manifested by its conduct in noticing Ms. Corrie's deposition for April 23, 2009 – a date when she is unavailable, and known to TPP to be unavailable, due to an extended business trip that runs through the first week in May. *See* Exhibit 1 for EKCC's communications with TPP regarding Ms. Corrie's unavailability. Almost three weeks ago, on April 8, 2009, EKCC informed TPP that Ms. Corrie would be unavailable for a deposition in late April due to an extended business trip and that she would return in early May. This business trip had already been scheduled before the March 27th conference and before the parties discussed deposing Ms. Corrie and Mr. Houpt. Notwithstanding Ms. Corrie's unavailability, TPP proceeded to notice her deposition for April 23, 2009 in Rochester, New York. *See* TPP's Exhibit E to the Motion to Compel for a copy of the Corrie Deposition Notice. Ms. Corrie works out of Danbury, Connecticut, several hundred miles away, a fact also known to TPP.

Instead of working to finding agreeable times and dates before late April, TPP embarked on a campaign, in e-mails, of ultimatums and demands for unfounded factual admissions. Due to Ms. Corrie's unavailability in late April, EKCC also offered to provide TPP with her testimony

in the form of affidavit or perhaps it could be by a telephone deposition.[1] *See* Exhibit 1. EKCC made this offer because it was in keeping with the Court's preference of streamlining this litigation and to adhere to the pre-trial deadlines. Moreover, at the March 27th conference, TPP admitted that it was noticing Ms. Corrie's deposition solely to inquire whether she made two (2) statements to Mr. Houpt in the context of settlement discussions regarding the circumstances of EKCC's retention of the surcharge payments[2].

Notwithstanding the lack of merit of TPP's allegations and that any communications were in the context of settlement discussions, EKCC can submit Ms. Corrie's testimony regarding those two discrete statements via a telephone deposition or an affidavit. TPP's request for three hours of testimony from Ms. Corrie is also plainly unnecessary. *See* Exhibit 1. EKCC's proposal is sensible given the time constraints in this litigation and the fact that the parties' principal fact witnesses have already been deposed and have direct first-hand knowledge of the various events and agreements in issue as opposed to counsel who do not.[3]

EKCC's proposal would obviate the need to further extend any pre-trial deadlines. Moreover, TPP should not be rewarded for its delay in providing available dates for Mr. Houpt or for its senseless motion practice – and not disclosing Mr. Houpt's unavailability until it did so in its Motion[4].

---

1 EKCC proposed that Mr. Houpt could submit his testimony in the same form.

2 *See* April 2, 2009 e-mail of TPP's counsel (demands for factual admissions on just two points). Although TPP's counsel represented to the Court at the March 27th conference that the Houpt-Corrie communications were not settlement discussions, it has only produced Mr. Houpt's documents with Ms. Corrie that are plainly only inadmissible settlement discussions and other routine e-mails on the defendants' time to answer that have no relevance here. TPP only produced these documents on Thursday, April 17th and only after repeated requests by EKCC.

3 TPP's witnesses were deposed on April 15th and 16th. Kodak's witnesses were deposed on April 21st and EKCC's witnesses are being deposed on April 22nd.

4 Out of an abundance of caution, EKCC has noticed Mr. Houpt's deposition for April 24th, during the discovery period, to preserve its right to depose him, as ordered by the Court.

**CONCLUSION**

For the foregoing reasons, TPP's Motion should be denied in its entirety. EKCC is willing to provide Ms. Corrie when she is available after the first week of May when she returns from her business trip, or by affidavit. EKCC also requests that any such deposition be limited to the two statements identified by TPP and last no more than one hour, as opposed to the three hours requested by TPP. EKCC also requests its fees and costs for having to file this opposition on such routine matters. *See* Fed. R. Civ. P. 37. EKCC also respectfully requests that the Court appropriately limit the scope of the discovery to be taken from both witnesses so that it is in keeping with the positions taken by the parties and adopted by the Court at the March 27th conference.

Dated: New York, New York
April 22, 2009

Respectfully submitted,

DEFENDANT
IMAGING FINANCIAL SERVICES, INC.
d/b/a EKCC

By *<u>/s/ William J. Keller III</u>*

William J. Kelleher III (WK 2146)
Alexander D. Pencu (AP 0816)
Robinson & Cole LLP
885 Third Avenue, 28th Floor
New York, New York 10022
Tel. No.: 212-451-2900
Fax No.: 212-451-2999
E-mail: wkelleher@rc.com
E-mail: apencu@rc.com